**SAINT MARY OF NAZARETH HOSPITAL CENTER, Plaintiff,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Richard S. Schweiker, Secretary, Provider Reimbursement Review Board, Thomas M. Tierney, Chairman, Carolyn B. Lewis, Bette A. Kraus, H. Joseph Curl and James Houdek, Jr., Board Members, Defendants.**

Civ. A. No. 81 C 2750.

United States District Court, N. D. Illinois, E. D.

Jan. 14, 1982.

**420**

James E. McParland, Morgan, Lanoff, Denniston & Madigan, Ltd., Chicago, Ill., for plaintiff.

Dan K. Webb, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

Plaintiff Saint Mary of Nazareth Hospital Center ("Hospital") is a provider of medical services as defined in the medicare provisions of the Social Security Act, and is therefore entitled to reimbursement for the reasonable costs of providing necessary health care services to medicare beneficiaries. 42 U.S.C. § 1395 *et seq.* (1976). The amount of reimbursement is calculated by a "fiscal intermediary." 42 U.S.C. § 1395g; 42 C.F.R. § 405.454 (1980). The Hospital also received federal funds under the Hospital and Medical Facilities Amendments of 1964, 42 U.S.C. § 291 *et seq.* (1976) (Hill-Burton Act). As a *quid pro quo* for receipt of federal funds under the Hill-Burton Act, the Hospital became obligated to provide a certain amount of free medical care to indigent persons. 42 U.S.C. § 291c.

During its 1977 and 1978 fiscal years, the Hospital claimed as a reasonable cost of providing health care the net cost of the free medical care provided to indigents under the Hill-Burton Act. The fiscal intermediary disallowed this claim. The Hospital exercised its right to appeal this decision to the Provider Reimbursement Review Board ("Board"). 42 U.S.C. § 1395*oo*(a). The Board affirmed the decision of the fiscal intermediary. On May 8, 1981, the Deputy Administrator of the Health Care Financing Administration, as a delegate of the defendant Richard S. Schweiker, Secretary of the Department of Health and Human Services, declined to review the Board's decision. Now before the court are cross motions for summary judgment: the Hospital seeks a reversal of the Board's decision; the defendant argues that it should be affirmed. For the reasons hereinafter stated, the defendant's motion for summary judgment is granted.

The Hospital argues that the Board erred in holding that the costs incurred by the Hospital in fulfilling its Hill-Burton free care obligation are not reimbursable expenses under the medicare program. Additionally, the Hospital contends that the Board's decision is contrary to the intent of

the Social Security Act. Under 42 U.S.C. § 1395oo(f)(1), the court may not reverse the Board's determination unless it is deemed to be arbitrary, capricious, not in accordance with the law, or unsupported by substantial evidence.

In support of its position, the Hospital cites *Presbyterian Hospital of Dallas v. Harris*, 638 F.2d 1381 (5th Cir. 1981). Factually, that case is virtually identical to the instant action. The conclusion reached by the *Harris* court, however, is diametric to the Board's decision herein. The Fifth Circuit initially observed that a hospital is entitled to reimbursement for the reasonable cost of services provided to medicare patients, 42 U.S.C. § 1395f(b), which includes both direct and indirect costs, 42 U.S.C. § 1395x(v)(1)(A). Further, the court noted that costs of delivering services to individuals covered by medicare is not to be borne by individuals not so covered, and costs with respect to individuals not so covered is not to be borne by medicare. 42 U.S.C. § 1395x(v)(1)(A). The court then reasoned that although the free care under the Hill-Burton Act inured to the direct benefit of indigents rather than medicare beneficiaries, medicare patients were indirectly benefitted through the qualification of the hospital for federal subsidies on construction projects ultimately used by medicare beneficiaries. The court held that since the hospital was legally obligated to incur the Hill-Burton expenses, which indirectly benefitted medicare beneficiaries, those expenses were reasonable costs of providing care to medicare patients, and consequently reimbursable.

The *Harris* decision apparently caused a shift in the Board's view of Hill-Burton expenses. The Hospital cites the Board's decision in *Gaston Memorial Hospital v. Blue Cross*, No. 81–D84 (September 11, 1981) as illustrative of ten separate opinions rendered by the Board, after its decision in this case, which held that Hill-Burton costs are reimbursable expenses under the medicare provisions.

In response, defendant cites *Harper-Grace Hospital v. Schweiker*, 80 CA 72802 (E.D.Mich. April 1, 1981), wherein the plaintiff adopted the rationale of the *Harris* court in arguing that the cost of the free care obligation under Hill-Burton is an indirect reimbursable cost of providing health services to medicare patients. The court rejected this contention, and held that:

> (Hill-Burton costs) cannot be cast as an expense that, by its very payment to some, benefits all simply because the grant by which it is required benefits all patients. In other words, although the hospital built or modernized with Hill-Burton funds benefits (sic) all patients of that facility, both Medicare and non-Medicare alike, the provision of indigent health care does not benefit Medicare recipients except for the attenuated reason that their provision is required by a grant that benefits all.

*Id.* at 6–7.

The court refused to follow the *Harris* decision because of the Fifth Circuit's failure to comment on the apparent "double dip" into federal funding allowed by reimbursement of Hill-Burton costs. The court noted that while Hill-Burton does cause the expenditure of costs, it also furnishes capital for construction which reduces other expenses, such as interest, that would be incurred if the funds were obtained in another way. The district court thus concluded that Congress did not intend the medicare program to absorb this cost of indigent care required by Hill-Burton.

Additionally, the defendant has provided the court with a copy of the administrative review of the *Gaston* case. The Deputy Administrator of the Health Care Financing Administration, acting pursuant to statutory authority,[1] reversed the Board's decision that Hill-Burton costs are reimbursable under the medicare program. In reaching this conclusion, the Deputy Administrator examined the relationship between the Hill-

---

1. Under 42 U.S.C. § 1395oo(f)(1), the Secretary of the Health and Human Services Department may reverse, affirm or modify a decision of the Board. The Deputy Administrator, as a delegate of the Secretary, may perform this function.

Burton and medicare programs, as well as numerous statutes and regulations enacted under both acts. Although the Deputy Administrator was cognizant of the *Harris* decision, it was disregarded on the basis of its limited analysis of the Social Security Act.

■ The alternatives facing the court are either to follow the *Harris* opinion that Hill-Burton costs are reimbursable or to adopt the *Harper-Grace* and *Gaston* decisions to the contrary. Upon careful consideration of these cases, the court finds that the latter choice represents the more sound approach.

A common thread running through the *Harper-Grace* and *Gaston* opinions is the idea that it would be illogical to obligate hospitals to provide a certain amount of free health care to indigents as compensation for receiving federal funds and then reimburse the hospital, again with federal funds, for the obligation incurred through the initial receipt of federal monies. As stated in *Gaston* :

> The (Hospital) has received a form of compensation for the free care it has rendered.... If Medicare were to reimburse for this free care, it would render the Hill-Burton agreement meaningless and would compensate the (Hospital) a second time for those costs which the government has already paid. This would appear to constitute an unjust enrichment of the (Hospital).

*Gaston Memorial Hospital v. Blue Cross*, p. 3. (Nov. 7, 1981).

■ There are also statutory underpinnings for the court's conclusion. These are articulated in full in the *Gaston* opinion; it is only necessary to summarize the most cogent arguments here. First, section 1862 of the Social Security Act, 42 U.S.C. § 1395y, contains a blanket prohibition against payment from medicare funds for certain services, including services for which the recipient is not legally obligated to pay. This clearly encompasses the Hill-Burton free care costs since by definition the indigents who received this care were not obligated to pay for it. Second, section 1861(v)(1)(A) provides that costs associated

with individuals who are not covered by medicare will not be borne by the medicare program. The free care in this case was delivered to individuals who were not covered by medicare insurance. Thus, the Hospital cannot be compensated from the medicare program for its Hill-Burton obligation. Although the *Harris* court eschewed this interpretation, this court feels it is more compelling than the result-oriented approach of the Fifth Circuit, which would permit virtually any cost incurred by a hospital to be reimbursed by the medicare program so long as some "indirect" benefit to medicare patients could be identified. Finally, there are several regulations issued under the Hill-Burton Act which indicate that the medicare and Hill-Burton programs are not to be intertwined in the manner advocated by the Hospital. 42 C.F.R. § 53.111(b)(4), (f)(2)(i) and (f)(2)(ii) (1980).

Obviously, the Deputy Administrator's decision in *Gaston* cannot overrule the Fifth Circuit's opinion in *Harris*. Nonetheless, this court endorses the rationale of the *Gaston* decision. Although reviewing courts are not obliged to rubber stamp their affirmance of administrative decisions, *N.L. R.B. v. Brown*, 380 U.S. 278, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965), it is almost axiomatic that reviewing courts will grant an agency administering a statute a fair degree of deference regarding statutory interpretations by the agency, *see, e.g., Bamberger v. Clark*, 390 F.2d 485 (D.C.Cir.1968); *Plato v. Roudebush*, 397 F.Supp. 1295 (D.Md.1975).

■ In conclusion, the court finds no error in the Board's ruling that Hill-Burton costs are not reimbursable expenses under the medicare program, nor is this ruling contrary to the intent of the Social Security Act. In addition, there is no indication that the Board's action was arbitrary, capricious, not in accordance with the law, or unsupported by substantial evidence. Therefore, the defendant's motion for summary judgment in its favor is granted, and the decision of the Provider Reimbursement Review Board is affirmed.