**CATHOLIC MEDICAL CENTER**

v.

**NH–VT HOSPITALIZATION SERVICE, INC.**

Civ. No. 81–637–D.

United States District Court, D. New Hampshire.

Aug. 20, 1982.

Jon S. Richardson, Manchester, N. H., for plaintiff.

Joseph Stewart, Concord, N. H., for NH–VT Hosp., Helen Forsyth, Asst. U. S. Atty., Concord, N. H., Jaclyn C. Taner, Washington, D. C., for United States.

## ORDER

DEVINE, Chief Judge.

Catholic Medical Center ("CMC"), a hospital situated in Manchester, New Hampshire, brought this action under 42 U.S.C. § 1395*oo* (f) for review of a decision by the Secretary of Health and Human Services ("Secretary"). The final decision of the Secretary found plaintiff not entitled to Medicare reimbursement either for the

costs of care to indigent persons pursuant to CMC's Hill-Burton obligation or for the costs of Medicare patients' bedside telephones. For the reasons set forth below, the decision of the Secretary is affirmed.

▓▓▓ This Court is empowered to review final decisions of the Secretary utilizing the scope and standard of review set out in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. *See* 42 U.S.C. § 1395*oo* (f). It is thus the duty of this Court to review the Secretary's decision and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A). The Court notes that where the Secretary's position is arrived at in the exercise of his discretion and is reasonably related to the purpose of the statute, *see Batterton v. Francis,* 432 U.S. 416, 428, 97 S.Ct. 2399, 2407, 53 L.Ed.2d 448 (1977); *Morton v. Ruiz,* 415 U.S. 199, 237, 94 S.Ct. 1055, 1075, 39 L.Ed.2d 270 (1974), such position should be accorded "considerable deference", *Ford Motor Credit Company v. Cenance,* 452 U.S. 155, 158, 101 S.Ct. 2239, 2241, 68 L.Ed.2d 744 (1981); *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 107, 99 S.Ct. 1601, 1611, 60 L.Ed.2d 66 (1979). *Cf. St. John's Hickey Memorial Hospital v. Califano,* 599 F.2d 803 (7th Cir. 1979). The Court finds that the Secretary's decision presently under review meets the above criteria and therefore shall be accorded said deference.

Plaintiff's first contention concerns reimbursement for the cost of caring for indigent persons. Such care, plaintiff argues, is not charity; the Hospital's care of indigent persons is an obligation which was undertaken in return for federal funds received pursuant to the Hospital and Medical Facilities Amendments of 1964, codified at 42 U.S.C. § 291 *et seq.* ("Hill-Burton Act"). Plaintiff contends that the acquisition of the Hill-Burton funds benefits Medicare and non-Medicare patients alike, and therefore both categories of patients are responsible for financing the Hospital's costs of fulfilling its obligation taken thereunder.

The Hospital seeks Medicare reimbursement only in an amount proportional to its percentage of Medicare patients.

It is noted that the only Circuit to rule on this issue to date, the Fifth Circuit, concluded that plaintiff's analysis was correct. *See Presbyterian Hospital of Dallas v. Harris,* 638 F.2d 1381 (5th Cir. 1981) (*"Presbyterian"*). The Court has learned that the issue is presently pending before three other Circuits—the Fourth, the Sixth, and the Seventh. *See Iredell Memorial Hospital v. Schweiker,* 535 F.Supp. 795 (W.D.N.C. 1982), *appeal docketed,* 82–1208 (4th Cir. March 4, 1982); *Saint Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 531 F.Supp. 419 (N.D. Ill. 1982), *appeal docketed,* No. 82–1237 (7th Cir. March 3, 1982) (all briefs filed as of July 9, 1982); *Harper-Grace Hospital v. Schweiker,* No. 80–72082 (E.D. Mich. April 1, 1981), *appeal docketed,* No. 81–1305 (6th Cir. Sept. 4, 1981) (oral argument scheduled for August 24, 1982).

The Fifth Circuit in *Presbyterian, supra* at 1387, stated that

[a]lthough free care expenses are not 'interest' within the meaning of the regulations, *see id.* [42 C.F.R. § 405.419(b) (1979) ], we are unable to distinguish such expenses in principle from interest and other indirect costs. It is undisputed that the Hospital was legally obligated to make such expenses, and it is also undisputed that the expenses indirectly benefited medicare patients by qualifying the Hospital for interest subsidies on construction and modernization projects. The fact that such expenses also benefited indigent persons who were not medicare beneficiaries is irrelevant to the determinative issue: whether the expenses were a reasonable cost incurred in the provision of services to medicare patients. We conclude, therefore, that the free care expenses incurred by the Hospital in connection with its obligations under the Hill-Burton Act were reasonable costs of providing care to all of its patients, including medicare patients, and are consequently reimbursable to the extent that

this indirect cost benefited medicare patients.

(Footnote omitted.) This rationale is substantively the same as that of the district courts in jurisdictions without the First Circuit which have found hospitals entitled to such reimbursement. *Iredell Memorial Hospital, Inc. v. Schweiker, supra; Johnson County Memorial Hospital v. Schweiker,* 527 F.Supp. 1134 (S.D. Ind. 1981); *Metropolitan Medical Center v. Harris,* 524 F.Supp. 630 (D. Minn. 1981); *Rapides General Hospital v. Matthews,* 435 F.Supp. 384 (W.D. La. 1977), *vacated and remanded on other grounds,* No. 77–3125 (5th Cir. Oct. 23, 1978) (unpublished opinion).

Upon review, this Court finds the better-reasoned rule of law to emerge from cases which uphold the Secretary's denial of reimbursement. *See St. Mary, supra; Harper-Grace, supra.* As Chief Judge McGarr succinctly stated in *St. Mary, supra,* 531 F.Supp. at 422, "it would be illogical to obligate hospitals to provide a certain amount of free health care as compensation for receiving federal funds and then reimburse the hospital, again with federal funds, for the obligations incurred through the initial receipt of federal monies". Chief Judge McGarr then proceeded to quote from the final decision of the Secretary in the case of *Gaston Memorial Hospital v. Blue Cross,* No. 81–D84 (Nov. 7, 1981) ("*Gaston* ").[1]

> The (Hospital) has received a form of compensation for the free care it has rendered.... If Medicare were to reimburse for this free care, it would render the Hill-Burton agreement meaningless and would compensate the (Hospital) a second time for those costs which the government has already paid. This would appear to constitute an unjust enrichment of the (Hospital).

*St. Mary, supra* at 422.

The central concern of this Court is essentially the same as that enunciated by Judge Boyle in the *Harper-Grace* decision.

Neither the *Rapides* court nor the Fifth Circuit commented on what appears to me to be a very compelling fact distinguishing the free care obligation under the Hill-Burton Act from other expenses such as depreciation and research costs. To allow reimbursement for free care provided as condition to a grant aware [*sic*] under a statute designed to provide better and more accessible care to all persons, whether they can afford it or not, seems to, in fact allow a 'double dip' into the funding provided by the Government.

*Harper-Grace, supra,* slip op. at 7–8. It would be a myopic view of the role of the federal government and its policies if one were to conclude that the right hand of Government must pay the obligations imposed upon a private entity by the left hand of Government. This is especially true where, as here, the obligation was incurred by said entity by entering a "carrot-and-stick" arrangement with the Government, through which the entity received substantial benefits by way of Government largesse.

Further, from the perspective of this Court, it is not "irrelevant", as the Fifth Circuit stated, *see Presbyterian, supra* at 1387, that the cost for the care of indigent persons who were not Medicare patients is the expense for which reimbursement is here sought. Section 1395y(a) of Title 42, United States Code, states that

> (a) Notwithstanding any other provision of this subchapter, *no payment may be made* under part A or part B of this subchapter *for any expenses incurred* for items or services—
>
> . . . .
>
> (2) *for which the individual* furnished such items or services *has no legal obligation to pay,* and which no other person (by reason of such individual's membership in a prepayment plan or otherwise) has a legal obligation to provide or pay for.

---

1. It should be noted that a complaint has been filed in federal court challenging the Secretary's decision in *Gaston. See Gaston Memorial Hospital v. Blue Cross,* No. 81–547–P (W.D. N.C. filed June 10, 1982) (action stayed pending appellate decision in *Iredell, supra* ).

(Emphasis added.) Upon consideration of this statutory prohibition against Medicare reimbursement of expenses for items and services for which the individual has no legal obligation to pay, as is exactly the case herein, this Court fails to perceive how such is "irrelevant" in the context of this litigation. Congress also evinced its intent that the Hospital's expense of caring for · indigent persons is not to be reimbursed by Medicare funds when it stated that "the costs with respect to individuals·not so covered [by Medicare] will not be borne by [Medicare]". 42 U.S.C. § 1395x(v)(1)(A).

 Clearly, the Secretary's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court in fact finds the decision amply supported by common sense, logic, the underlying statutes written by Congress, and court decisions.

Plaintiff also contends that it is entitled to reimbursement for the costs of patient telephones in proportion to the percentage of Medicare patients. The Secretary's decision found that such costs were not reimbursable. It is apparent that the Secretary's decision is based upon 42 U.S.C. § 1395y(a)(6) and 42 C.F.R. § 405.310. Section 1395y(a)(6) prohibits payment for "personal comfort items". 42 C.F.R. § 405.310(j) states that a television set or telephone service constitute examples of personal comfort items.

The Court finds central to this issue the prohibition found in 42 U.S.C. § 1395*oo* (g), which states that

> [t]he finding of a fiscal intermediary that no payment may be made under this subchapter for any expenses incurred for items or services furnished to an individual because such items or services are listed in section 1395y of this title shall not be reviewed by the Board, or by any court pursuant to an action brought under subsection (f) of this section.

2. In *Presbyterian, supra* at 1384–86; *St. James Hospital v. Harris,* 535 F.Supp. 751 (N.D. Ill. 1981); *St. Francis Hospital, Inc. v. Califano,* 471 F.Supp. 761 (D.D.C. 1979), wherein the

While the Court questions the propriety of the Secretary's reviewing the decision of the intermediary, that issue is of no moment as the Secretary merely affirmed the intermediary's decision. However, this Court finds that it is without jurisdiction to review the decision of the intermediary denying reimbursement. *Memorial Hospital v. Schweiker,* No. 80–67 (M.D. Fla. Oct. 20, 1981).[2]

In conclusion, the Court finds and rules that defendant's motion for summary judgment should be and herewith is granted.

SO ORDERED.

courts reach the substantive issue of telephone reimbursement, the parties apparently did not raise the jurisdictional bar as it is not discussed by those courts.