599 F.Supp. 1000 (1984)
GREATER CLEVELAND HOSPITAL ASSOCIATION GROUP APPEAL, Amherst Hospital, Brentwood Hospital, Deaconess Hospital, Elyria Memorial Hospital, Euclid General Hospital, Fairview General Hospital, Geauga Community Hospital, Grace Hospital, Hillcrest Hospital, Huron Road Hospital, Lutheran Medical Center, Cleveland Metropolitan General Hospital, The Mount Sinai Hospital, Parma Community Hospital, Southwest General Hospital, Saint Alexis Hospital, Saint John Hospital, Saint Luke's Hospital, Plaintiffs,
v.
Richard S. SCHWEIKER, Secretary of Health and Human Services, Blue Cross Association, Blue Cross Association of Northeast Ohio, Defendants.
No. C81-1757.
United States District Court, N.D. Ohio, E.D.
March 27, 1984.
*1001 Harry T. Quick, Arter & Hadden, Cleveland, Ohio, for plaintiffs.
Marcia W. Johnson, Asst. U.S. Atty., Cleveland, Ohio, Donna Morros Weinstein, Regional Atty., Alvin N. Jaffe, Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendants.

MEMORANDUM OF OPINION AND ORDER
KRENZLER, District Judge.
This is an action for judicial review of the Secretary of Health and Human Services' final decision denying plaintiffs' claims for reimbursement under the Medicare program (Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq.).
Both parties have filed summary judgment motions which are pending before the Court. At issue is the validity of the Medicare regulation which disallows reimbursement for beside telephones provided to Medicare beneficiaries on the theory that such items are non-reimbursable personal comfort items. 42 C.F.R. § 405.310(j).
Plaintiffs are 22 hospitals located in the Northern District of Ohio who, by virtue of 42 U.S.C. § 1395cc, are "providers of service" under contract with the Department of Health and Human Services. Pursuant to 42 U.S.C. § 1395x(u), "providers of services" are primarily hospitals, skilled nursing *1002 facilities, or home health agencies which elect to, and are accepted to, participate in the Medicare program. Through the providers, eligible beneficiaries of the program are able to obtain health care services. The providers are then reimbursed by the government through "fiscal intermediaries", usually private organizations under contract with the Secretary. 42 U.S.C. § 1395h. In this case, the fiscal intermediary is the Blue Cross Association/Blue Cross of Northeast Ohio.[1]
Title 42, section 1395y(a)(6) of the United States Code specifically excludes from coverage items or services that constitute "personal comfort items". The Secretary has promulgated a regulation, 42 C.F.R. § 405.310, which provides that telephones are excludable personal comfort items. In pertinent part, 42 C.F.R. § 405.310 reads as follows:
Notwithstanding any other provision of this Part 405, no payment may be made for any expenses incurred for the following items or services:
* * * * * *
(j) Personal comfort items and services (for example a television set, or telephone service, etc.)....
Based upon this regulation, the intermediary in the instant case disallowed plaintiffs' claims for the cost of making bedside telephones available to their inpatients.
Plaintiffs timely appealed these determinations of the intermediary to the Provider Reimbursement Review Board ("PRRB"), 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. The appeals were consolidated in a group appeal and, after a hearing held on November 20, 1980, the PRRB upheld the intermediary's disallowance of costs. The providers then requested review by the Health Care Financing Administration ("HCFA"). 42 U.S.C. § 1395oo(f)(1). On July 9, 1981, the Deputy Administrator of HCFA affirmed the PRRB's decision.
On August 25, 1981, plaintiffs filed their complaint in this Court pursuant to 42 U.S.C. § 1395oo(f).
The parties present two issues for this Court's review. The first is whether the Court has jurisdiction to review the validity of the patient-telephone regulation. The second is the validity of the regulation.
The Secretary contends that 42 U.S.C. § 1395oo(g) prohibits the Court from exercising jurisdiction over the instant action. That section provides as follows:
(1) The finding of a fiscal intermediary that no payment may be made under this subchapter for any expenses incurred for items or services furnished to an individual because such items or services are listed in section 1395y of this title shall not be reviewed by the Board, or by any court pursuant to an action brought under subsection (f) of this section.
42 U.S.C. § 1395oo(g)(1). Defendant contends that since the patient-telephone regulation is promulgated pursuant to the statutory command of 42 U.S.C. § 1395y excluding from reimbursement personal comfort items, the above section precludes judicial review of the instant action.
The majority of the courts that have addressed this issue have held that 42 U.S.C. § 1395oo(g) does not preclude judicial review of the patient-telephone regulation. Memorial Hospital v. Heckler, 706 F.2d 1130 (11th Cir.1983); St. Mary of Nazareth Hospital Center v. Department of Health and Human Services, 698 F.2d 1337 (7th Cir.1983); Arlington Hospital v. Schweiker, 547 F.Supp. 670 (E.D.Va.1982).[2]
*1003 In Memorial Hospital v. Heckler, supra, 706 F.2d 1130, the Court reasoned as follows:
In essence, the issue here does not involve just an intermediary finding that no payment may be made. Rather, it concerns the validity of the regulation itself. The intermediary merely followed the Secretary's regulation .... To expand the non-reviewability of intermediary decisions to include policy decisions of the Secretary would not merely insulate from judicial scrutiny the finding of an intermediary. It would give the Secretary virtually unbridled discretion to prevent reimbursement through regulations. Such a result would run contrary to the presumption favoring judicial review [citations omitted]....
Id. at 1133. See also, St. Mary of Nazareth v. Dept. of HHS, supra, 698 F.2d at 1346: ("[W]e are faced only with a challenge to the Secretary's interpretation contained in his regulations of the term `personal comfort item.' Contrary to the Secretary's position, section 1395oo (g) does not restrict this court's jurisdiction to review the Secretary's interpretation of what a personal comfort item consists of.")
Defendant cites Highland District Hospital v. Secretary of Health and Human Services, 676 F.2d 230 (6th Cir.1982), as supportive of its position that this Court is without jurisdiction. Highland v. Secretary HHS is distinguishable. In Highland v. Secretary HHS, the issue was not the validity of a regulation, but a challenge to an intermediary's decision that certain costs were non-reimbursable. In contrast, the issue in the instant case is the validity of the regulation and not the determination of non-payment.
Therefore, this Court holds that 42 U.S.C. § 1395oo (g) does not bar the exercise of jurisdiction over the instant action.
In addressing the validity of the patient-telephone regulation, 42 C.F.R. § 405.310(j), this Court initially notes that regulations are presumed valid unless or until the complaining party overcomes that presumption. The plaintiffs, therefore, have the burden of proof to demonstrate the regulation's invalidity. St. Joseph Hospital v. Heckler, 570 F.Supp. 434, 435 (N.D. Ind.1983).
Plaintiffs contend that patient telephones have therapeutic value and are not personal comfort items; consequently, they argue, the Secretary may not exclude patient telephones from coverage.[3] Plaintiffs further contend that since the Secretary does not have a contemporaneous rule promulgation record indicating the Secretary's reasoning and detailing the factors upon which the patient-telephone exclusion is based, the regulation is procedurally invalid. Plaintiffs argue that the controlling standard for review of this regulation is the "relevant factors" test.
Defendant contends that at the time the regulation was promulgated no contemporaneous record was required to be made. Defendant contends, moreover, that plaintiffs' "relevant factors" test is not controlling; rather, the proper standard for this Court's review is whether the statute is arbitrary and capricious. Judged by the arbitrary and capricious standard, defendant contends, the regulation is reasonable and valid.
The first issue this Court must resolve, therefore, is the standard to be applied for review of this action.
At the outset, it is noted that most courts that have addressed the issue have used the arbitrary and capricious standard. Thus, in St. Mary of Nazareth v. Dept. of HHS, supra, the Seventh Circuit stated that in reviewing an agency regulation "courts will defer to the agency's judgment unless it can be shown that the agency's determination was arbitrary and capricious." Id. at 1346 (citing 5 U.S.C. *1004 § 706(2)(A)).[4]See also, St. Joseph Hosp. v. Heckler, supra; Memorial Hospital v. Heckler, supra.
Plaintiffs contend, however, that the method for deciding whether a regulation is arbitrary and capricious is by determining whether the Secretary considered all "relevant factors." In this regard, plaintiffs contend, the absence of an administrative record is a fatal flaw in the Secretary's case, because without it the Court cannot determine whether the Secretary, in promulgating the regulation, considered all relevant factors.
Plaintiffs' argument is without merit. The relevant factors test is derived from 5 U.S.C. § 553(c) which, in pertinent part, provides as follows:
(c) .... After consideration of the relevant matters presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose....
(emphasis added). In St. Joseph v. Heckler, supra, 570 F.Supp. at 439, the court noted that "[i]t is this modest statement of the basis and purpose, together with comments, that when applicable serves as a basis for determining whether all relevant factors have been considered...." (emphasis in original).
The requirements of 5 U.S.C. § 553(c) are not applicable to the patient-telephone regulation challenged in the instant case. Pursuant to 5 U.S.C. § 553(a)(2), rule making relating to "benefits" is exempt from the Administrative Procedure Act's ("APA") requirements. Humana of South Carolina v. Califano, 590 F.2d 1070, 1082-1084 (D.C.Cir.1978). In 1971 the Secretary waived this exemption; however, regulations issued prior to that date remain exempt. Since the patient-telephone regulation was promulgated in 1966 and relates to "benefits," it is exempt from the APA requirements including those set forth in 5 U.S.C. § 553(c).
The plaintiffs' arguments that the Secretary was required to make a contemporaneous record and consider all relevant factors in determining that patient telephones are personal comfort items does not withstand scrutiny. "Rule making that is exempt from the requirements of 5 U.S.C. § 553 cannot be subject .... [to that section's requirements] and still be exempt." St. Joseph v. Heckler, supra, 570 F.Supp. at 439.
In Vermont Yankee Nuclear Power v. Natural Resources Defense Council, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978), the Supreme Court determined that 5 U.S.C. § 553 sets forth the maximum procedural requirements that Congress was willing to impose upon agencies conducting rule-making procedures; courts in reviewing such decisions may not impose additional procedural requirements. In the instant case, the regulation is exempt from APA requirements of contemporaneous record and consideration of all relevant factors. Thus, under the doctrine of Vermont Yankee, this Court is precluded from imposing the requirement of contemporaneous statement upon the Secretary's rule making here. St. Joseph v. Heckler, supra, 570 F.Supp. at 441.
As the Court has determined that the "relevant factors" test is inapplicable and that the regulation cannot be invalidated for lack of an administrative record, the only remaining question is whether the patient-telephone regulation has a rational basis and is consistent with congressional intent in enacting the personal comfort exclusion. 42 U.S.C. § 1395y(a)(6).
*1005 Initially, it is noted that plaintiffs' insistence upon a factual basis for the Secretary's determination is not necessarily justified. "The search for a factual record presupposes the need for one." St. Joseph Hospital v. Heckler, supra, 570 F.Supp. at 442. Such a factual record is not always necessary, however:
At one end, rules may be based on law, on interpretation of a statute, and on policy preferences, and hardly at all on identifiable facts; such rules may clearly be valid without factual support. Tax regulations often call for no factual inquiry beyond common knowledge; for instance, under 26 U.S.C. § 162, which allows a deduction for "traveling expenses (including amounts expended for meals and lodging ...)," the regulation provides that a taxpayer who spends a week on business and five weeks on vacation at the destination has no deduction; factual support for such a regulation is intrinsically unnecessary, for it is a mixture of interpreting the legislative intent and declaring subordinate policy. At the opposite end of the scale, a rule may be obviously unreasonable unless the factual support for it is adequate; for instance, the Consumer Product Safety Commission may not ban a consumer product unless it supports the ban with facts showing that the product presents an unreasonable risk of injury.
Id. at 442-443 (emphasis in original) (quoting 1 Davis, Administrative Law Treatise, § 6:13 (2d ed., 1978)).
In this case, the regulation at issue involved the exercise of line drawing, a mere choice of subordinate legislative policy. As noted in the Secretary's brief:
To say that patient telephones are other than indispensable is not to deny what is, in fact, self-evident even without evidence namely, that by improving patients' morale and by maintaining patients' contact with the outside world, personal telephones for patients might aid the healing process. But so too might television or radio service, a private room, transportation to and from the hospital for loved ones, two drinks before dinner, home cooked meals, typewriters for letters, and a variety of other services that, for many patients, undoubtedly would be as "therapeutic" as telephones. The Secretary may legitimately fear that, in opening up the Medicare program to claims for routine patient telephone service, she necessarily would expose the limited Medicare trust fund to claims for other "personal comfort" type items that also might be considered "therapeutic."
Defendant's brief at 15.
Finally, the longstanding nature of the patient-telephone regulation is persuasive of the regulation's validity, and suggests that it comports with congressional intent. Although enacted in 1966, the regulation was not challenged until 1979. St. Francis Hospital, Inc. v. Califano, 479 F.Supp. 761 (D.D.C.1979). Moreover, although Congress has amended § 1395y(a) substantially on several occasions,[5] Congress has not amended the personal comfort exclusion or altered the Secretary's implementation of the patient-telephone regulation. Under these circumstances, Congress' silence on the regulation is a strong indication of Congress' acceptance of and acquiescence in the Secretary's interpretation.
In short, none of the arguments presented by plaintiffs establish that the regulation is invalid. On the contrary, this Court is persuaded that the regulation is reasonable. In St. Joseph Hospital v. Heckler, supra, 570 F.Supp. at 446, the court summarized the regulation's reasonableness as follows:
.... The issue is not whether patient telephones may have some marginal morale boosting effect, but whether the Secretary acted reasonably in excluding from reimbursement some items which she determined fell within the definition of "personal comfort items" despite the potential that they might conceivably *1006 have some "therapeutic" value. The Secretary is permitted to draw a line somewhere between items that directly benefit the patient's condition and items that might have some beneficial effects, but that are primarily personal comfort items. The defendants have shown that the Secretary had broad discretion in this area and acted reasonably in making this determination. Because the Secretary's decision need only have a rational basis, the therapeutic value evidence could not invalidate the regulation.
Upon consideration of the arguments of both parties, and the controlling statutory and case law, this Court finds that the patient-telephone regulation, 42 C.F.R. § 405.310(j), is not arbitrary and capricious or an abuse of the Secretary's discretion, but is a reasonable implementation of congressional policy as enacted in the Medicare statute.
This opinion, of course, is only dealing with the validity of the regulation excluding bedside patient telephones used for outgoing calls from reimbursement by the Medicare program. By holding this regulation valid, the Court is not excluding patient telephones from the rooms of Medicare patients. On the contrary, patients are still free to pay for bedside telephones used for outgoing calls personally or by other means. Moreover, Medicare does reimburse for intra-hospital telephone systems used by medical personnel for "necessary communications" such as those between doctors, nurses, and patients. See St. Francis Hospital, Inc. v. Califano, 479 F.Supp. 761, 764 (D.D.C.1979).
Therefore, this Court finds that there exists no material issue of fact and that the defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is granted. Plaintiffs' motion for summary judgment is denied. The Secretary's decision is affirmed. Judgment is entered in defendant's favor.
IT IS SO ORDERED.
NOTES
[1] Although Blue Cross Association and Blue Cross Association of Northeast Ohio were named as defendants to this action, this Court has granted, simultaneously with the filing of this memorandum and order, the motion to dismiss filed by these defendants on the ground that they are not proper defendants in this action. That motion was filed on November 23, 1981 and has never been contested by plaintiffs.
[2] Although Catholic Medical Center v. NH-VT Hospitalization Service, 546 F.Supp. 297 (D.N.H. 1982), is to the contrary, the Court merely cited the statute and, without further analysis, concluded that it was without jurisdiction.
[3] As in Memorial Hospital v. Heckler, supra, 706 F.2d at 1134, plaintiffs in the instant case have "introduced extensive evidence to show that in-room patient telephones which provide access to friends and relatives aid in the healing process."
[4] § 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The review court shall....
(2) hold unlawful and set aside agency action, findings, and conclusions found to be
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ....
5 U.S.C. § 706(2)(A).
[5] Pub.L. 90-248 (1968); Pub.L. 92-603 (1972); Pub.L. 93-233 (1973); Pub.L. 95-210 (1977); Pub.L. 96-611; 96-499 (1980); Pub.L. 97-248 (1982).