601 F.2d 934
 HEALTH CARE SERVICE CORPORATION, an Illinois Corporation,
Plaintiff-Appellant,
and
Continental Casualty Company, an Illinois Corporation,
Intervening Plaintiff-Appellant,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare, and Robert A. Derzon, Administrator,
Health Care Financing Administration,
Defendant-Appellees.
 Nos. 79-1217, 79-1233.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 23, 1979.
Decided July 3, 1979.
 
 James C. Munson, Kirkland & Ellis, Richard E. Friedman, Chicago, Ill., for intervening plaintiff-appellant.
 Lloyd M. Weinerman, Dept. of HEW, Baltimore, Md., for defendant-appellees.
 Before TONE, Circuit Judge, KUNZIG, Judge,* and BAUER, Circuit Judge.
 PER CURIAM.
 
 
 1
 This case presents the question of whether the Secretary of the Department of Health, Education and Welfare was authorized by 42 U.S.C. § 1395b-1 to enter into an experimental contract for administration of Illinois Medicare Part B with a company that is not shown by the present record to be a "carrier" as defined by 42 U.S.C. § 1395u(f). Also presented is the question of whether the plaintiffs, two disappointed bidders, are barred from asserting their action challenging the award of the contract to another because they did not file it until after the award had been made.[1]
 
 
 2
 The district court entered summary judgment for defendants, holding that the action was not timely under Airco, Inc. v. Energy Research and Development Administration, 528 F.2d 1294 (7th Cir. 1975), and, alternatively, that the statute permitted the Secretary to award the experimental contract to a non-carrier (and therefore the fact issue of whether the successful bidder was a carrier was immaterial). Health Care Service Corp. v. Califano, 466 F.Supp. 1190 (N.D.Ill.1979).
 
 
 3
 We disagree with the district court's holding that Airco bars this action. In that case the procurement authority ordered rebidding with changed specifications. The initially successful bidder sought neither timely[2] administrative nor judicial review of the rebidding order but waited to challenge that order until another bidder had won in the rebidding. The court held, as an alternative ground, that the plaintiff had waived objections to the rebidding and, by its willingness to accept the change in specifications, that change as well. Here plaintiffs contend that they were unaware that the bidding was open to non-carriers and that one of the bidders was a non-carrier until after the bid award. Even if these contentions do not raise issues of fact, we think that extending the alternative ruling in Airco to the facts at bar is not warranted. The Airco plaintiff had a matured right as the successful bidder and was aggrieved if its contentions on the merits were correct. Plaintiffs here are not similarly situated. A general rule that a bidder must assert objections to a bid before the award to avoid waiver would encourage objections that time and events may solve without appeal to higher administrative authority or to the courts and would tend to cause unnecessary delays in procurement.
 
 
 4
 We do agree, however, with the district court's holding on the merits and adopt that part of the court's opinion that holds that the Secretary had authority to award the contract to a non-carrier. 466 F.Supp. at 1194 (last seven lines) 1197 (first 24 lines). We add only that the interpretation of a complex statute such as the Medicare Act by the administrative officer charged with the responsibility of administering it is entitled to considerable deference and, if reasonable, is not to be rejected by a court merely because another interpretation may also be reasonable. See American Meat Institute v. EPA, 526 F.2d 442, 449-450 (7th Cir. 1975).
 
 
 5
 The judgment is therefore affirmed.
 
 
 6
 Affirmed.
 
 
 
 *
 The Honorable Robert L. Kunzig, Judge of the United States Court of Claims, is sitting by designation
 
 
 [1]
 Claims asserted in the district court concerning the methodology employed by defendants in assessing the bid proposals are not pursued on appeal
 
 
 [2]
 The court's conclusion to this effect was challenged on rehearing. In a footnote the court found the record inadequate to support this challenge but stated that "(t)he failure to file a timely informal protest was . . . merely an alternative ground" on which the court did not need to rely