Charles A. SCARBORO,
Plaintiff-Appellant,

v.

FIRST AMERICAN NATIONAL BANK OF NASHVILLE, Defendant-Appellee.

No. 78–1066.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1980.

Decided May 9, 1980.

**622**

Charles Patrick Flynn, Nashville, Tenn., for plaintiff-appellant.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for defendant-appellee.

Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant Charles Scarboro brought this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. On the basis of our decision in *Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir. 1976), the district court specifically denied Scarboro's request for a jury trial made at the time he filed his complaint.

*Morelock*, however, has been superseded by *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), in which the Supreme Court recognized a general statutory right to trial by jury in Age Discrimination in Employment Act suits. We acknowledged and adopted this rule in *Ott v. Midland-Ross Corp.*, 600 F.2d 24 (6th Cir. 1979).

The Act itself was amended two months after *Lorillard*. Section 7 now reads:

(2) In an action brought under paragraph (1), [29 U.S.C. 626(c)] a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought  .   .  . .

29 U.S.C. § 626(c)(2). *See Slatin v. Stanford Research Institute*, 590 F.2d 1292 (4th Cir. 1979).

The defendant, First American National Bank, contends that Scarboro waived his right to a jury trial and urges us to accept the substantive determination of the district court. Defendant points out that *Lorillard* was decided six weeks before plaintiff filed his brief on appeal and argues against retrospective application of that case, citing *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

We are not persuaded by the defendant's arguments. The Supreme Court has held, and Congress has provided, that private litigants under the Act are entitled to a jury trial. We must apply the statute in its present form unless our doing so would result in "manifest injustice" or unless "there is statutory direction or legislative history to the contrary." *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Hercules, Inc. v. EPA*, 598 F.2d 91 (D.C. Cir. 1978). In this case, neither limiting condition exists. The new legislation does not evince a nonretroactive scheme, and we do not believe that a jury resolution of plaintiff's claims poses any threat of "injustice" to either party.

Accordingly, we remand this case to the district court for a trial by jury pursuant to 29 U.S.C. § 626(c)(2).