647 F.2d 894
 GOLETA VALLEY COMMUNITY HOSPITAL, a California non-profit
corporation, Plaintiff-Appellant,
v.
Richard S. SCHWEIKER, Secretary of the United States
Department of Health and Human Services; Blue Cross of
Southern California, a California corporation; Blue Cross
Association, an Illinois corporation, Defendants-Appellees.
 No. 77-3944.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1981.
Decided May 4, 1981.
 
 Kurt H. Pyle, Schramm & Raddue, Santa Barbara, Cal., for plaintiff-appellant.
 Henry Eigles, Baltimore, Md., for defendants-appellees; Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE and SCHROEDER, Circuit Judges, and SOLOMON,* District Judge.
 WALLACE, Circuit Judge:
 
 
 1
 Appellant Goleta Valley Community Hospital (Hospital) was denied medicare reimbursement for interest costs and depreciation costs attributable to the purchase of a facility from San Marcos Associates (SMA). The Secretary of Health and Human Services (Secretary) denied reimbursement for these costs pursuant to 42 C.F.R. § 405.427[1] and § 405.419(c)(1)[2], because he determined that the Hospital and SMA were "related organizations." The Hospital appealed to the Provider Reimbursement Review Board (Board), which sustained the decision below. The Hospital then appealed to the district court. The court entered summary judgment against the Hospital and affirmed the decision of the Board. The Hospital appealed and we affirm.
 
 
 2
 * The Hospital, a California non-profit corporation, is a provider of medicare services. It seeks reimbursement for interest and depreciation costs associated with its purchase of a hospital facility from SMA, a partnership of physicians. The Hospital had been leasing the facility from SMA since 1966. In March of 1971, the Hospital purchased the facility from SMA for $2,748,435, the lower of two independent appraisals. The Hospital made no down payment. It assumed certain obligations against the facility and equipment, and issued a promissory note to SMA for $785,063.68, at 7% interest over 10 years. SMA gave its covenant not to sue the Hospital for its $526,967.82 in rent arrears, in exchange for the Hospital's promise to pay the arrears in monthly installments. The Hospital treated these payments as imputed interest.
 
 
 3
 At the time of the purchase, the Hospital's Board of Trustees consisted entirely of seven SMA partners. These Trustees had a 70.4% profit sharing interest in SMA, and realized a gain of 75.54% on the sale of the facility.
 
 
 4
 Blue Cross Association, the Hospital's fiscal intermediary, determined that the Hospital and SMA were related organizations within the meaning of 42 C.F.R. § 405.427. Accordingly, it denied the Hospital medicare reimbursement for the portion of its interest expense attributable to medicare services, and allowed depreciation reimbursement based on SMA's old basis on the facility, rather than on the higher basis of the Hospital's purchase price. On appeal, the Hospital argues that: (1) the Hospital and SMA are not "related organizations"; (2) even if the Hospital and SMA are "related organizations," the application of Regulation 405.427 and Regulation 405.419 automatically to deny reimbursement is contrary to the Medicare Act and the United States Constitution; (3) Regulation 405.427 does not apply to the purchase of a facility; (4) Regulation 405.415, and not Regulation 405.427, governs the allowance of depreciation in connection with the purchase of the facility; and (5) Regulation 405.419 governs the allowance of interest, and evidence of the reasonableness of the interest paid should have been considered in accordance with that regulation.
 
 II
 
 5
 Our review of the Board's conclusion is limited to determining whether the Board's decision is supported by substantial evidence. 42 U.S.C. § 1395oo(f) (1); 5 U.S.C. § 706(2)(E); American Hospital Management Corp. v. Harris, 638 F.2d 1208 at 1211 (9th Cir. 1981). An organization may be "related to the provider" by "common ownership or control." Control is defined in the regulations as follows:
 
 
 6
 Control. Control exists where an individual or an organization has the power, directly or indirectly, significantly to influence or direct the actions or policies of an organization or institution.
 
 
 7
 42 C.F.R. § 405.427(b)(3) (1980). The Board's conclusion that the Hospital and SMA were related organizations is supported by substantial evidence. At the time of the sale of the facility, all seven Hospital Trustee members were also partners in SMA, with a profit sharing arrangement of approximately 70% in the partnership. We are unpersuaded by the Hospital's argument that because California law imposed a fiduciary obligation on the Trustees to exercise their judgment solely for the benefit of the Hospital, they lacked the requisite power to control. The Trustees certainly had the power to direct the Hospital to purchase the facility from SMA, even though they may have faced potential liability as fiduciaries for any unfairness associated with the transaction. Thus, for purposes of Regulation 405.427, the Trustees had the requisite control over the Hospital.
 
 
 8
 Once a determination has been made that the organizations are related, the Board need not inquire into whether the reimbursements claimed were reasonable because Regulation 405.427 operates as a prophylactic rule and defines any charges in excess of actual cost as per se unreasonable. Marina Mercy Hospital v. Harris, 633 F.2d 1301 at 1304 (9th Cir. 1980); American Hospital Management Corp. v. Harris, supra, 638 F.2d at 1212. We have recently found that:
 
 
 9
 (p)articularly in a program as complex and ripe with potential for abuse as Medicare, the Secretary has broad discretion to control excessive costs by adopting general prophylactic rules which, despite their inherent imprecision, eliminate the need for a cumbersome and expensive process of adjudicating item-by-item the reasonableness of costs.
 
 
 10
 Marina Mercy Hospital v. Harris, supra, 633 F.2d at 1304.
 
 
 11
 The Hospital also challenges the validity of Regulation 405.427 and Regulation 405.419. The Hospital argues that the application of these regulations automatically to deny reimbursement is contrary to both the Medicare Act and the United States Constitution. We have recently upheld both the statutory and constitutional validity of Regulation 405.427 by finding that the regulation is reasonably related to achieving a permissible objective. American Hospital Management Corp. v. Harris, supra, 638 F.2d at 1212, 1213. "The classification of 'related entity' was established to prevent the reimbursement of excessive charges resulting from self-dealing " Id. at 1213. The related entity classification was a reasonable method of achieving this objective. Id. The same related entity classification is used in Regulation 405.419 for exactly the same purpose: to ensure that entities deal with each other at arm's length. Thus, we find that Regulation 405.419 is also valid.
 
 
 12
 The Hospital next argues that Regulation 405.427 does not apply to the sale of a facility. We have recently determined that the regulation applies to a sale and lease-back of a facility. American Hospital Management Corp. v. Harris, supra, at 1210. We can find nothing in the regulation itself indicating an intention to exclude sales. Thus, the sale of the facility in the instant case is also subject to Regulation 405.427.
 
 
 13
 Finally, the Hospital argues that reimbursement for depreciation expenses is governed by Regulation 405.415[3], and not Regulation 405.427. We disagree. Although, Regulation 405.415 evidences an intention generally to allow for reimbursement for depreciation, Regulation 405.427 operates as a special rule for reimbursements claimed between related organizations. The regulation does not exclude depreciation, but instead states that all costs applicable to services, facilities and supplies are limited to the costs to the related organization. Thus, we find that Regulation 405.427 clearly indicates that in a transaction between related entities, the seller's cost of the assets serves as the basis for the buyer's depreciation expense. Stevens Park Osteopathic Hospital, Inc. v. United States, 633 F.2d 1373, 1379 (Ct.Cl.1980).
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 42 C.F.R. § 405.427 provides in part:
 (a) Principle. Costs applicable to services, facilities, and supplies furnished to the provider by organizations related to the provider by common ownership or control are includable in the allowable cost of the provider at the cost to the related organization. However, such cost must not exceed the price of comparable services, facilities, or supplies that could be purchased elsewhere.
 (b) Definitions (1) Related to Provider. Related to the provider means that the provider to a significant extent is associated or affiliated with or has control of or is controlled by the organization furnishing services, facilities, or supplies.
 (3) Control. Control exists where an individual or an organization has the power, directly or indirectly, significantly to influence or direct the actions or policies of an organization or institution.
 
 
 [42]
 C.F.R. § 405.427 (1980). All the regulations cited herein were found in 20 C.F.R. at the time of the events in this case
 
 
 [2]
 42 C.F.R. § 405.419(c)(1) provides in part:
 (c) Borrower-lender relationship. (1) To be allowable, interest expense must be incurred on indebtedness established with lenders or lending organizations not related through control, ownership, or personal relationship to the borrower. Presence of any of these factors could affect the "bargaining" process that usually accompanies the making of a loan, and could thus be suggestive of an agreement on higher rates of interest or of unnecessary loans. Loans should be made under terms and conditions that a prudent borrower would make in armslength (sic) transactions with lending institutions. The intent of this provision is to assure that loans are legitimate and needed, and that the interest rate is reasonable. Thus, interest paid by the provider to partners, stockholders, or related organizations of the provider would not be allowable.
 
 
 [42]
 C.F.R. § 405.419(c)(1) (1980)
 
 
 [3]
 42 C.F.R. § 405.415 provides in part:
 (a) Principle. An appropriate allowance for depreciation on buildings and equipment is an allowable cost.
 (g) Establishment of cost basis on purchase of facility as an ongoing operation. In establishing the cost basis for a facility purchased as an ongoing operation after July 1, 1966, the price paid by the purchaser shall be the cost basis where the purchaser can demonstrate that the sale was a bona fide sale and the price did not exceed the fair market value of the facility at the time of sale.
 
 
 [42]
 C.F.R. § 405.415 (1980)