**BELLWOOD GENERAL HOSPITAL, a corporation, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 80–5698.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1981.

Decided March 12, 1982.

Robert A. Klein, Weissburg & Aronson, Washington, D. C., for plaintiff-appellant.

Thomas K. Stuber, Asst. U. S. Atty., Baltimore, Md., argued for defendant-appellee; Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before WRIGHT, WALLACE, and ANDERSON, Circuit Judges.

PER CURIAM:

Bellwood General Hospital (the hospital) rents its facility from Bellwood Investors, Inc., a corporation controlled by a partnership composed of nineteen physicians practicing at the hospital and one investment banker (the lessors). The hospital filed claims for reimbursement of certain Medicare expenses including rental costs paid to the lessors. The Secretary disallowed the rental costs and substituted the ownership costs to the lessors. The hospital then filed this action in district court challenging the Secretary's decision. The district court granted summary judgment for the Secretary, and the hospital appealed. We affirm.

The district court had jurisdiction pursuant to 42 U.S.C. § 1395oo(f). We have jurisdiction under 28 U.S.C. § 1291. Our review of the Secretary's administrative action, however, is very limited. We may overturn it only if we conclude that his action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," 5 U.S.C. § 706(2)(A), or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(E). *See Goleta Valley Community Hospital v. Schweiker*, 647 F.2d 894 (9th Cir. 1981).

Two issues are presented by this appeal: first, whether the Secretary properly interpreted 42 C.F.R. § 405.427, which governs the reimbursement of costs applicable to services, facilities and supplies furnished to Medicare providers by related parties and, second, whether substantial evidence in the record supports the Secretary's determination that the hospital and the lessors are related parties.

The hospital does not challenge the validity of section 405.427, which was promulgated to define "reasonable costs" reimbursable under 42 U.S.C. § 1395x(v)(1)(A). However, the hospital argues that the Secretary erred when he considered factors of control created by the sale and leaseback agreement under which the hospital's rental obligations were incurred. The hospital argues that the Secretary should have considered only the factors bearing on relatedness which existed before the hospital and the lessors entered into their agreement. The hospital contends that the Secretary's proposed revision of the regulation, *see* 44 Fed.Reg. 5479 (1979), which expressly applies the related parties rule in circumstances where control is created by the contract under which a provider incurs an obligation, demonstrates that the regulation, as presently formulated, does not apply to this case. We disagree. The argument assumes that the proposed revision indicates a change in the regulation. But the Secretary proposes regulations not only to change, but also to clarify present regulations. The Secretary has determined that the regulation, as presently formulated, permits consideration of the factors bearing on relatedness which were created by the sale and leaseback agreement. He thus treats the proposed revision as a clarification, not a change. The administrative interpretation of a regulation by the agency responsible for promulgating and administering it is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." *Immigration and Naturalization Service v. Stanisic*, 395 U.S. 62, 72, 89 S.Ct. 1519, 1526, 23 L.Ed.2d 101 (1969), *quoting Bowles v. Seminole Rock Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). We are not persuaded that the Secretary's interpretation is plainly erroneous or inconsistent with the regulation.

Under the regulation, a party is "related to the provider" if "the provider to a significant extent is associated or affiliated with or has control of or is controlled by the organization furnishing the services, facilities, or supplies." 42 C.F.R. § 405.427(b)(1).

"Control exists where an individual or an organization has the power, directly or indirectly, significantly to influence or direct the actions or policies of an organization or institution." *Id.* § 405.427(b)(3).

The hospital owned the facility prior to its sale to and leaseback from the lessors. The sale contract gave the hospital the right to approve the lessors' partnership agreement prior to closing. Under the sale contract, the lessors agreed not to change the partnership agreement provisions pertaining to the division of profits and losses without the consent of the hospital. Under a special covenant, the physician-lessors were required to maintain an active practice at the hospital during the 25-year lease period or until all partnership debt was liquidated, whichever occurred first. The lessors paid only a $50,000 downpayment on the $2,000,000 buying price. The rental price was set as a varying percentage of hospital revenues. These factors indicate that the hospital was in a position to influence the lessors and the lessors to influence the hospital. Substantial evidence in the record supports the Secretary's decision to treat the hospital and the lessors as related parties.

AFFIRMED.