**HARPER–GRACE HOSPITALS, a Michigan Corporation, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant-Appellee.**

**No. 81–1305.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 24, 1982.

Decided Oct. 22, 1982.

---

John A. Entenman, Nancy Garlock Edmunds, Detroit, Mich., Leonard C. Homer, Baltimore, Md., for plaintiff-appellant.

Richard A. Rossman, U. S. Atty., Geneva S. Halliday, Detroit, Mich., David A. Gerard, U. S. Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

Patricia S. Hofstra, American Hosp. Ass'n., Chicago, Ill., amicus curiae.

Before LIVELY and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This is an appeal by plaintiff-appellant, Harper-Grace Hospitals (Harper-Grace), from a district court decision granting summary judgment in favor of defendant-appellee, Health and Human Services Secretary Schweiker (Secretary). The district court's decision granting summary judgment affirmed prior administrative decisions which had held that the hospital was not entitled to reimbursement under the Medicare Act, 42 U.S.C. §§ 1395 *et seq.,* for a percentage of the costs which it incurred pursuant to the Hill-Burton Act, 42 U.S.C. §§ 291 *et seq.* For the reasons stated herein, we affirm.

Harper-Grace is a Michigan corporation located in Detroit, Michigan. Harper Hospital Division (Harper), one of two hospital facilities operated by Harper-Grace, is a "provider of services" as defined by the Medicare statute. 42 U.S.C. § 1395x(u). During 1976, 36% of Harper's patients were Medicare patients.

In January, 1970, the Secretary approved Harper's application for a $1,000,000 construction grant under the Hill-Burton Act, 42 U.S.C. §§ 291 *et seq.* This federal financial assistance was received in installments by Harper from November, 1970 until August, 1974. The purpose of the Hill-Burton Act was outlined in *Johnson County Memorial Hospital v. Schweiker,* 527 F.Supp. 1134, 1136 (S.D.Ind.1981):

> The Hill-Burton Act, 42 U.S.C. § 291, *et seq.,* was passed in 1946 to provide federal money for the construction and modernization of hospitals in order to assure adequate hospital services to all. 42 U.S.C. § 291. In order to receive this federal aid, hospitals are required to provide a reasonable amount of free care to people unable to pay for such care. 42 U.S.C. § 291c(e)(2). Until 1972, the amount of free care that would be considered reasonable was not specified. In 1972, the Department of Health and Human Services specified that a reasonable amount of free service was an amount equal to: (1) 10% of the federal aid given; (2) 3% of operating costs; or (3) care to all indigents appearing at the hospital in need of care (the open door policy). 42 CFR § 53.111(d).

Harper chose the 10% formula which, under the existing regulations, meant it was required to provide $100,000 of free care for each of the next twenty years, or a total expense of $2,000,000.

Harper accounted for the $1,000,000 grant and the related uncompensated service obligation as a long-term debt with interest. On its 1976 Medicare cost reimbursement form, Harper did not claim reimbursement for the services it provided to indigents, which exceeded $100,000. Instead, it ascertained an interest rate of 7¾% per annum by using the known factors—i.e., a $1,000,000 loan with a $2,000,000 liability spread equally over twenty years. Using the 7¾% interest rate, the portion of the $100,000 free care expense for 1976 deemed to be interest was $75,756. That figure was included in Harper's 1976 Medicare cost form. With its 36% Medicare loan, this would have increased Harper's Medicare reimbursement by about $26,000. This amount was disallowed, however, by Harper's intermediary, Blue Cross and Blue Shield of Michigan.

On December 7, 1978, Harper appealed the reimbursement denial to the Provider Reimbursement Review Board (PRRB) which, by a 2–1 vote, affirmed the denial. The PRRB decision was then appealed to the Health Care Financing Administration (HCFA) which also affirmed the denial. Having exhausted its administrative remedies, Harper appealed to the U.S. District Court for the Eastern District of Michigan which affirmed the administrative rulings, finding they were not arbitrary, capricious or contrary to law.

We were thus presented on appeal with the issue of whether Harper was entitled to reimbursement under the Medicare Act for a percentage of the costs which it incurred because of its Hill-Burton obligations. While both parties had thoroughly briefed and argued their respective interpretations of the pertinent statutes and regulations, it was brought to our attention for the first time at oral argument that on August 17, 1982, both houses of Congress passed H.R. 4961, which amended the Medicare Act to specifically exclude Hill-Burton expenses from Medicare reimbursement. 42 U.S.C. § 1395x(v)(1). On September 3, 1982, the President signed H.R. 4961 into law, and because this new law resolves the present dispute, we affirm the district court's order on this basis.

As the law existed prior to this amendment, some courts had construed the Medicare and Hill-Burton statutes and regulations to allow reimbursement of Hill-Burton expenses by Medicare, *Presbyterian Hospital of Dallas v. Harris,* 638 F.2d 1381 (5th Cir.), *cert. denied,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981); *Iredell Memorial Hospital, Inc. v. Schweiker,* 535 F.Supp. 795 (W.D.N.C.1982); *St. James Hospital v. Harris,* 535 F.Supp. 751 (N.D.Ill.1981); *Metropolitan Medical Hospital v. Harris,* 524 F.Supp. 630 (D.Minn.1981); *Rapides General Hospital v. Matthews,* 435 F.Supp. 384 (W.D.La.1977), *vacated and reversed on other grounds,* No. 77–3125 (5th Cir. 1978); *Johnson County Memorial Hospital v. Schweiker,* 527 F.Supp. 1134 (D.Minn.1981), while others had not, *Saint Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 531 F.Supp. 419 (N.D.Ill.1982). In fact, in two recent decisions, the PRRB reversed itself and found that the costs of uncompensated Hill-Burton services are reimbursable by Medicare. *John Muir Memorial Hospital v. Harris,* 4 Medicare and Medicaide Guide (CCH 31492 (PRRB 1981)) and *Gaston Memorial Hospital, Inc. v. Blue Cross Association,* 4 Medicare and Medicaide Guide (CCH 31545 (PRRB 1981)).

The amendment to 42 U.S.C. § 1395x(v)(1) is set forth in Section 106 of H.R. 4961 as follows:

Sec. 106. (a) Section 1861(v)(1) of the Social Security Act is amended by adding at the end the following new subparagraph:

"(M) Such regulations shall provide that costs respecting care provided by a provider of services, pursuant to an assurance under Title VI or XVI of the Public Health Service Act that the provider will make available a reasonable volume of services to persons unable to pay therefor, shall not be allowable as reasonable costs."

(b) The amendment made by subsection (a) shall be effective with respect to any costs incurred under title XVIII of the Social Security Act, except that it shall not apply to costs which have been allowed prior to the date of the enactment of this Act pursuant to the final court order affirmed by a United States Court of Appeals.

H.R. 4961, 97th Cong., 2d Sess., 128 Cong. Rec., No. 113, part II, pp. H6171–6172 (8/17/82); H.R.Rep.No. 97–160, p. 15 (1982). Accompanying this legislation, Congress included the following provisions to indicate its intent:

*House committee provision*

The House committee provision requires the Secretary to provide, by regulation, that the costs incurred by a hospital or skilled nursing facility in complying with its free care obligation under the Hill-Burton Act would not be considered reasonable costs for purposes of medicare

reimbursement. The provision is effective for costs incurred on or after date of enactment.

*Conference agreement*

The conference agreement includes the House Committee provisions. The provision is intended to clarify that Hill-Burton free care costs have never been, and are not, allowable for medicare reimbursement purposes. The provision, therefore, applies to all such costs that have been, or will be incurred except those recognized by the final judgment of a U.S. Court of Appeals entered into prior to enactment.

H.R. 4961, 97th Cong., 2d Sess., 128 Cong. Rec., No. 113, part II, p. H6282 (8/17/82); H.R.Rep.No. 97–160, p. 431 (1982). The effect of this legislation is to expressly remove the costs associated with a Hill-Burton obligation, as incurred by a provider of services, from the definition of "reasonable costs" which are reimbursable by Medicare. 42 C.F.R. § 53.111(a)(5).

Because this new legislation became law while this appeal was pending, we must also indicate why it is applicable. The general rule is that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Scarboro v. First American National Bank of Nashville,* 619 F.2d 621 (6th Cir. 1980). In this case, neither limiting condition exists. In fact, to the contrary, Congress anticipated this very question and specifically provided in H.R. 4961, section 106(b) that the amendment would be immediately effective except in the event a final court order affirmed by a United States Court of Appeals had previously found otherwise. The only decision to which the exception applies is, apparently, *Presbyterian Hospital v. Harris,* 638 F.2d 1381 (5th Cir. 1981).

For the reasons stated, the district court order granting summary judgment in favor of the Secretary is affirmed.