HARPER–GRACE HOSPITALS, a Michigan Corporation, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 81–1305.

United States Court of Appeals, Sixth Circuit.

March 23, 1983.

---

John A. Entenman, Nancy Garlock Edmunds, Detroit, Mich., Leonard C. Homer, Baltimore, Md., for plaintiff-appellant.

Richard A. Rossman, U.S. Atty., Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., David A. Gerard, U.S. Dept. of H.H.S., Region V, Chicago, Ill., for defendant-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges and BROWN, Senior Circuit Judge.

## ORDER

Harper-Grace Hospitals (Harper-Grace) has petitioned for rehearing from our decision affirming the district court's order granting summary judgment to the Secretary. For the reasons stated herein, the petition for rehearing is denied.

This dispute arose when Harper Hospital Division (Harper), one of two hospital facilities owned by Harper-Grace, claimed it was entitled to reimbursement under the Medicare Act, 42 U.S.C. §§ 1395 et seq., for a percentage of the costs that it incurred because of certain obligations which it assumed upon receiving federal funds under the Hill-Burton Act, 42 U.S.C. §§ 291 et seq. While this case was on appeal to this court from the district court's summary judgment order, a new federal law went into effect which amended the Medicare Act to specifically exclude Hill-Burton expenses from Medicare reimbursement. 42 U.S.C. § 1395x(v)(1)(M). We relied upon this new federal law in rejecting Harper-Grace's claim because the supplemental statutory language explicitly stated that the new law applied to all Hill-Burton costs except those "which have been allowed prior to the date of the enactment of this Act pursuant to the final court order affirmed by a United States Court of Appeals." Sec. 106(b), H.R. 4961, 97th Cong., 2d Sess., 128 Cong.Rec., No. 113, part II, pp. H6171–6172 (8/17/82). See Presbyterian Hospital v. Harris, 638 F.2d 1381 (5th Cir.1981).

After our decision affirming the district court's decision was filed, Harper-Grace Hospitals v. Schweiker, 691 F.2d 808 (6th Cir.1982), we granted Harper-Grace until November 22, 1982, to file a petition for rehearing in order to challenge the constitutionality of the new statute. The petition was timely filed.

Three arguments were raised in Harper-Grace's petition for rehearing, and the Secretary has responded to each of these arguments in a supplemental brief. The arguments are: (1) 42 U.S.C. 1395x(v)(1)(M) is unconstitutional because it violates the Fifth Amendment due process clause; (2) assuming 42 U.S.C. 1395x(v)(1)(M) is constitutional and may be applied prospectively, it cannot be applied retroactively to govern Harper's 1976 fiscal year; and (3) 42 U.S.C.

1395x(v)(1)(M) is not a clarification of existing law.

Harper-Grace's first argument, challenging the new statute's constitutionality, is based upon a contract theory under the fifth amendment due process clause. The keystone of this theory is the existence of a vested contractual right to reimbursement which, Harper-Grace argues, was unconstitutionally repudiated by the enactment of the new statute. *See Lynch v. United States,* 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1484 (1934).

██ Our research indicates that this argument has been previously considered by only one other federal appellate court, the Seventh Circuit, and that court rejected a constitutional challenge to the new statute. In the companion cases *Saint Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 698 F.2d 1337 (7th Cir.1983) and *St. James Hospital v. Schweiker,* 698 F.2d 1337 (7th Cir.1983), the court first held that the cost of providing a percentage of free care to indigent persons pursuant to a hospital's obligation under the Hill-Burton Act is not reimbursable under Medicare as a reasonable cost of providing medical services. Then, in response to the hospitals' constitutional argument that the new statute and regulations repudiated the hospitals' vested contractual right to Medicare reimbursement for a percentage of Hill-Burton indigent care costs, the court stated:

> [O]ur review of the Medicare Act and the Hill-Burton Act reveals that these two Acts as established are two separate and distinct federal programs, each designed to accomplish a distinctly different purpose. The Hill-Burton Act was designed to promote the construction and modernization of hospitals, and as a *quid pro quo* for the receipt of Hill-Burton funds, participating hospitals agreed to provide a percentage of charity care to local indigents. The Medicare Act, on the other hand, was adopted only to provide medical care for the disabled and the aged who qualify as Medicare beneficiaries. It was Congress' intent that these two pro-

grams remain separate and apart from each other and that hospitals should not be reimbursed by one program (Medicare) for the care they provide in fulfillment of the other, their Hill-Burton obligations. Thus, it is evident from the legislative history of the two Acts and the Secretary's long standing policy and from the language of the statutes that Congress never intended to allow the Medicare program to reimburse hospitals for a percentage of their annual Hill-Burton free care costs.

*Saint Mary of Nazareth Hospital Center v. HHS, supra,* at 1343. *Arlington Hospital v. Schweiker,* 547 F.Supp. 670 (D.Va.1982) [42 U.S.C. 1395x(v)(1)(M) did not violate the fifth amendment by permitting an uncompensated "taking"]. We agree with this reasoning and find the new statute constitutional primarily because Harper-Grace has not shown that the Medicare program established a contractual relationship between the hospital and federal government which covered the hospital's Hill-Burton obligation.

██ Harper-Grace's second and third arguments, that the new statute, if constitutional, should not be applied retroactively and is not a clarification of existing law, are also without merit. We addressed the crux of these issues in our original decision when we decided that because Congress specifically provided in H.R. 4961, section 106(b) "that the amendment would be immediately effective...", the only correct course to follow would be to apply the new law. *See Saint Mary of Nazareth Hospital Center v. HHS, supra,* at 1344.

Accordingly, the petition for rehearing is DENIED.