The UNIVERSITY OF TENNESSEE

v.

The UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.

No. CIV. 3–82–22.

United States District Court,
E.D. Tennessee, N.D.

April 29, 1983.

Beauchamp E. Brogan, Gen. Counsel, Alan M. Parker, Associate Gen. Counsel, Knoxville, Tenn., for plaintiff.

Robert E. Simpson, Asst. U.S. Atty., Knoxville, Tenn., Aaron Schwartz, Baltimore, Md., for Health Care Financing Adm., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action pursuant to 42 U.S.C. § 1395oo (f)(1) to review final decisions of the Secretary of the Department of Health and Human Services (the Secretary) denying Medicare reimbursement for expenses incurred by the University of Tennessee Memorial Hospital (University Hospital) in rendering patient care. Plaintiff owns and operates the University Hospital as a tertiary acute care teaching hospital in Knoxville, Tennessee. The case is before the Court on plaintiff's motion for summary judgment.

This case presents two agency decisions for review. The Secretary determined that Medicare will not reimburse costs incurred in providing free care pursuant to an obligation under the Hill-Burton Act. 42 U.S.C. § 291, et seq. She also determined that patients in the labor/delivery room at the census-taking hour must be included in the in-patient census for Medicare reimbursement purposes.

The University Hospital is a qualified provider of medical services under the provisions of the Social Security Act. 42 U.S.C. § 1395, et seq. It is, therefore, entitled to reimbursement for the cost of services provided to Medicare beneficiaries. A fiscal intermediary, Blue Cross of Tennessee in this case, actually carries out the reimbursement. 42 U.S.C. § 1395h. If a provider disagrees with an intermediary's cost determination, it may request a hearing before the Provider Reimbursement Review Board (PRRB). 42 U.S.C. § 1395oo (f)(1). In this case, the intermediary disagreed with the hospital's position on the two reimbursement issues. The three member PRRB, in a split decision, ruled in favor of the University Hospital. The Deputy Administrator of the Health Care Financing Administration, acting on behalf of the Secretary, reversed the PRRB.

■ As to the issue of reimbursement for costs incurred under the Hill-Burton Act, the Court believes the recent Sixth Circuit case of *Harper-Grace Hospitals v. Schweiker* is controlling 691 F.2d 808 (1982). In *Harper-Grace Hospitals*, the Court relied on recent legislative amendments to the Medicare Act disallowing Hill-Burton reimbursement as reasonable costs for Medicare purposes. *Id.;* 42 U.S.C. § 1395x(v)(1)(M). Plaintiff contends that the amendments should not be applied retroactively to it because it succeeded on the Hill-Burton issue before the PRRB and because it is a non-profit organization. The Court cannot find that retroactive application in this case would result in manifest injustice or that the University Hospital should be given a special exemption from the amendments and the *Harper-Grace* holding. Accordingly, plaintiff is not entitled to reimbursement for these Hill-Burton expenses.

■ As to the labor/delivery room issue, there is no controlling decision in the Sixth Circuit. Our scope of review of the Secretary's interpretation of the statute and regulations is limited, however. The Secre-

tary's action may be set aside only if it is found to be,

> arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A); contrary to a constitutional right, power, privilege or immunity, 5 U.S.C. § 706(2)(B); or unsupported by substantial evidence in cases where an agency hearing is reviewed on the record, 5 U.S.C. § 706(2)(E).

*Shaker Medical Center Hospital v. Secretary of Health and Human Services,* 686 F.2d 1203, 1207 (6th Cir.1982). As the Seventh Circuit has aptly stated,

> The interpretation of a complex statute such as the Medicare Act by an administrative officer charged with the responsibility of administering it is entitled to considerable deference and, if reasonable, is not to be rejected by a court merely because another interpretation may also be reasonable.

*Health Care Service Corp. v. Califano,* 601 F.2d 934, 935–936 (7th Cir.1979).

■ Plaintiff challenges the method used to apportion the hospital's total cost between Medicare and non-Medicare patients. The Secretary uses a two step formula:

(1) $\dfrac{\text{Total costs of providing routine services}}{\text{Total inpatient days}}$ = Average Cost Per diem

(2) Average Cost Per diem × $\dfrac{\text{Medicare}}{\text{Patient Days}}$ = Amount Reimbursed

*See* 42 C.F.R. § 405.452(d)(7); *Saint Mary of Nazareth Hospital Center v. Schweiker,* No. 80–3280 (D.D.C., filed Nov. 9, 1981). The Secretary includes the number of women in hospitals' labor or delivery rooms at the census taking hour in the count of total inpatient days. The cost of providing labor and delivery room services is not included in the allowable routine cost figures, however.

The Secretary's apportionment procedure rests on the hypothesis that most labor/delivery room patients will use routine areas within twenty-four hours after the census-taking hour of midnight. She also notes that routine services are usually available to labor/delivery room patients.

She contends that including these patients as inpatients is necessary to prevent the Medicare program from bearing costs of non-covered individuals. The Secretary therefore uniformly includes labor-delivery room beds in the count of beds in other "ancillary areas" maintained and used for only a portion of a patient's stay. These are all counted as "routine" beds.

We cannot find that the Secretary's policy in this case is arbitrary, capricious, or an abuse of discretion. In addressing this same issue, another court summed up the difficulty of accepting plaintiff's position:

> While Medicare prohibits cross-subsidization among the different aspects of the program, it does not forbid averaging. Indeed, a certain amount of averaging is necessary to administer a program of this magnitude. Because of the very nature of the program, there is no guarantee of absolute precision. Precise allocation of costs is a laudable goal, but administrative manageability is an equally important consideration.

*Saint Mary of Nazareth Hospital v. Schweiker,* slip. op. at 3.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied, and that this case be, and the same hereby is, dismissed.

Order Accordingly.