The UNIVERSITY OF TENNESSEE, Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; Health Care Financing Administration, Defendants-Appellees.

No. 83–5390.

United States Court of Appeals, Sixth Circuit.

Argued May 10, 1984.

Decided July 2, 1984.

Alan M. Parker (argued), Associate General Counsel, Beauchamp E. Brogan, Knoxville, Tenn., for plaintiff-appellant.

John W. Gill, U.S. Atty., Robert E. Simpson, Asst. U.S. Atty., Knoxville, Tenn., Sheree Kanner (argued), for defendants-appellees.

Before EDWARDS, CONTIE and WELLFORD, Circuit Judges.

**580**

PER CURIAM.

This is a dispute between the University of Tennessee which operates a hospital as a part of its medical teaching service and the United States Health and Human Services Department which, through Medicare, reimburses hospitals like that at the University of Tennessee for certain hospital costs. The computation of those costs involves the designing of a formula for finding the daily costs of caring for a hospitalized patient in each hospital. When using this formula, the Secretary has required hospitals to include women in the labor rooms as patients for purposes of the daily census. The hospital argues that although labor room patients are counted in the census, not all costs generated by these patients are taken into account in computing the total costs for all patients. This practice, the hospital argues, results in underpayment of medicare reimbursement.

This case was heard before Judge Robert Taylor in the Eastern District of Tennessee, 573 F.Supp. 795, who found that it was reasonable to include pregnant mothers in the calculus. We will not reach the merits of this complex issue since, in the midst of the oral argument, the Secretary's representative agreed with the lawyer for the hospital that it would be desirable to resubmit this issue to the Secretary for further consideration probably particularly in the light of *St. Mary of Nazareth Hospital Center, et al. v. Schweiker*, 718 F.2d 459 (D.C.Cir.1983), wherein Judge McGowan wrote in favor of St. Mary's on the identical issue presented here.

This court now adopts the remand suggestion as advanced by the parties and refers this case back to Judge Taylor for remand by him to the Health and Human Services Department for further consideration referred to above.

We also deal with the second issue in this case by reaffirming a decision already twice decided by this court in *Harper-Grace Hospitals v. Schweiker*, 691 F.2d 808 (6th Cir.1982), *reh'g denied*, 708 F.2d 199 (6th Cir.1983).