The GERMANTOWN HOSPITAL AND MEDICAL CENTER, et al.

v.

SCHWEIKER, Richard S., Secretary of the Department of Health and Human Services. The United States Department of Health and Human Services and Davis, Carolyne K., Administrator Health Care Financing Administration.

Appeal of The GERMANTOWN HOSPITAL AND MEDICAL CENTER, et al., in No. 83–1854.

MEMORIAL OSTEOPATHIC HOSPITAL, et al.

v.

SCHWEIKER, Richard S., Secretary of the Department of Health and Human Services. The United States Department of Health and Human Services and Davis, Carolyne K., Administrator Health Care Financing Administration.

Appeal of MEMORIAL OSTEOPATHIC HOSPITAL, et al., in No. 84–5262.

Nos. 83–1854, 84–5262.

United States Court of Appeals, Third Circuit.

Argued June 18, 1984.

Decided July 10, 1984.

* Honorable John F. Gerry of the United States District Court for the District of New Jersey, sitting by designation.

Jane Elliott (argued), Roland Morris, Duane, Morris & Heckscher, Philadelphia, Pa., for appellants, No. 83–1854.

Jaclyn C. Taner, Washington, D.C. (argued), Susan Dein Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for appellees, No. 83–1854.

Carolyn Mills, Duane, Morris & Heckscher, Philadelphia, Pa., for appellants, No. 84–5262.

Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., for United States, No. 84–5262.

Jaclyn C. Taner, Dept. of Health & Human Services, Washington, D.C., for Secretary of Health & Human Services, No. 84–5262.

Before ALDISERT, Chief Judge, ROSENN, Circuit Judge, and GERRY, District Judge.*

**OPINION OF THE COURT**

PER CURIAM.

Appellants herein challenge the constitutionality of § 106 of the Tax Equity and Fiscal Responsibility Act of 1982, 42 U.S.C. § 1395x(v)(1)(M).[1] This section prohibits a

1. On motion of appellants, agreed to by appellee, the appeal at 84–5262 was consolidated with the appeal at 83–1854. The parties in 84–5262 relied on the briefs and arguments in 83–1854.

health service provider from receiving reimbursement under the Medicare Act for the costs of providing indigent care services under § 603 of the Hill-Burton Act, 42 U.S.C. § 291c(e). Because we conclude that the district courts below properly resolved the constitutional challenges against appellants, we affirm in both appeals.

Appellants are several hospitals, medical centers, and other health service providers who participate in both the Hill-Burton and Medicare programs. Under the Hill-Burton Act, 42 U.S.C. §§ 291–291o, the federal government provides grants, loans, and loan guarantees for the construction and modernization of medical facilities. To receive such funds, an otherwise qualified health service provider must give assurances that its Hill-Burton funded facilities will be made available for "a reasonable volume of [free medical] services to persons unable to pay therefor ...." 42 U.S.C. § 291c(e). Certain minimum levels of "reasonable" services have been established and health service providers with Hill-Burton facilities are required to participate in the Medicare program. 42 C.F.R. § 124.603(c)(1)(ii) (1983). The Medicare program is a system of national health insurance for the elderly and disabled. 42 U.S.C. §§ 1395–1395xx. Health service providers may receive reimbursement from the Department of Health and Human Services for the "reasonable cost" of both "direct and indirect" services rendered in favor of individuals covered by the Medicare program. Id. §§ 1395f(b)(1), 1395x(v)(1)(A). Section 1395x(v) defines reasonable costs and was amended in 1982 by § 106 of the Tax Equity and Fiscal Responsibility Act, 42 U.S.C. § 1395x(v)(1)(M). This new section provides that

> costs respecting care provided by a provider of services, pursuant to an assurance under title VI ... of the Public Health Service Act [the Hill Burton Act] that the provider will make available a reasonable volume of services to persons unable to pay therefore, *shall not be allowable as reasonable costs.*

42 U.S.C. § 1395x(v)(1)(M) (emphasis added).

Prior to the enactment of § 106, appellants sought recovery of their Hill-Burton indigent care service costs as reasonable indirect costs under Medicare. The Department of Health and Human Services denied reimbursement, and the providers appealed to the Provider Reimbursement Review Board (PRRB). Before the PRRB rendered its decision, Congress enacted the Tax Equity and Fiscal Responsibility Act. The PRRB subsequently affirmed the department's denial of reimbursement on the basis of § 106. Appellants then sought review in the district courts below raising a series of constitutional challenges to § 106. The district courts entered summary judgment against appellants who now appear before this court raising the same challenges, to-wit: that § 106 is unconstitutional because it (1) impairs appellants' contract rights; (2) takes appellants' property without just compensation; and (3) constitutes invalid retroactive legislation.

During the past several years no fewer than eight federal courts of appeals have considered whether Hill-Burton indigent care costs are reimbursable as reasonable costs under the Medicare program. *John Muir Memorial Hospital, Inc. v. Davis,* 726 F.2d 1443 (9th Cir.1984); *Harper-Grace Hospitals v. Schweiker,* 708 F.2d 199 (6th Cir.1983); *Catholic Medical Center v. New Hampshire-Vermont Hospitalization Service, Inc.,* 707 F.2d 7 (1st Cir. 1983); *Memorial Hospital v. Heckler,* 706 F.2d 1130 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *Iredell Memorial Hospital, Inc. v. Schweiker,* 699 F.2d 196 (4th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 150, 78 L.Ed.2d 139 (1983); *Johnson County Memorial Hospital v. Schweiker,* 698 F.2d 1347 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 73, 78 L.Ed.2d 85 (1983); *St. Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 698 F.2d 1337 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983); *Metropolitan Medical Center v. Harris,* 693 F.2d 775 (8th Cir.1982); *Har-*

*per-Grace Hospitals v. Schweiker,* 691 F.2d 808 (6th Cir.1982); *Presbyterian Hospital of Dallas v. Harris,* 638 F.2d 1381 (5th Cir.), *cert. denied,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981). Only one court of appeals has allowed for reimbursement, *Presbyterian Hospital of Dallas v. Harris,* 638 F.2d 1381 (5th Cir.), *cert. denied,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981), and that decision predated the 1982 enactment of the Tax Equity and Fiscal Responsibility Act. The specific constitutional objections raised by appellants in the cases before us now have been considered and uniformly rejected by no fewer than three of our sibling circuits in no fewer than five separate appeals. *John Muir Memorial Hospital, Inc. v. Davis,* 726 F.2d 1443 (9th Cir.1984); *Harper-Grace Hospitals v. Schweiker,* 708 F.2d 199 (6th Cir.1983); *Memorial Hospital v. Heckler,* 706 F.2d 1130 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *Johnson County Memorial Hospital v. Schweiker,* 698 F.2d 1347 (7th Cir.), *cert. denied,* —— U.S. ——, 104 73, 78 L.Ed.2d 85 (1983); *St. Mary of Nazareth Hospital Center v. Department of Health and Human Services,* 698 F.2d 1337 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983).

For the reasons expressed both in the foregoing circuit court opinions and by the Honorable Edward H. Cahn in the district court opinion from which the appeal at 83–1854 was taken, *Germantown Hospital and Medical Center v. Heckler,* 590 F.Supp. 24 (E.D.Pa.1983), we conclude that § 106 of the Tax Equity and Fiscal Responsibility Act, 42 U.S.C. § 1395x(v)(1)(M), is not constitutionally infirm. Accordingly, the judgments of the district courts will be affirmed as to both appeals.