**HOMEMAKERS NORTH SHORE, INC., Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86 C 1933.**

United States District Court, N.D. Illinois, E.D.

Jan. 30, 1987.

Thomas Z. Hayward Jr. and Lawrence M. Gavin, Boodell, Sears, Giambalvo & Crowley, Chicago, Ill., and Sanford V. Teplitzky and Carel T. Hedlund, Ober, Kaley, Grimes & Shriver, Baltimore, Md., for plaintiff.

Barbara Freeman Lazarus, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

At issue in these cross-motions for summary judgment is whether defendant Otis R. Bowen, Secretary of the United States Department of Health and Human Services, properly denied plaintiff Homemakers North Shore, Inc. an exception to reasonable cost limits for Medicare reimbursements in 1979, 1980, and 1981.

Plaintiff was incorporated in 1968 to provide temporary personnel, including "home health aid[e]s" and "private duty nursing." Memorandum in Support of Plaintiff's Motion for Summary Judgment [Plf.Mem.] at 4. In 1977, Illinois passed a law requiring state licenses for "home health agencies," defined as "private organization[s] that provide[ ] skilled nursing services and at least one other home health service...." Administrative Record [A.R.] at 864. In seeking a license, plaintiff represented itself as having provided "Skilled Nursing and Home Health Aide services to clients in their home for some ten years." A.R. 381; *see also* A.R. 382, 399, 426, 428. Plaintiff received a provisional license on September 11, 1978, A.R. 242–44, and a formal license July 31, 1979. A.R. 249. It received certification as a Medicare health provider on August 3, 1979. Plf.Mem. at 6.

The Medicare statute, 42 U.S.C. §§ 1395 *et seq.* (1982), allows certified health providers to receive reimbursements through organizations called fiscal intermediaries, *id.* § 1395h; here, the intermediary was the department's Office of Direct Reimbursement of the Health Care Financing Administration. Memorandum in Support of the Secretary's Motion for Summary Judgment and in Opposition to Homemakers' Motion for Summary Judgment [Def.Mem.] at 2. Providers may be reimbursed for their "reasonable costs," to be "determined in accordance with regulations" that the Secretary promulgates. *Id.* § 1395x(v)(1)(A). Relief from the reasonable cost limits is

available to "newly established home health agencies," as follows:

(f) *Exceptions.* Limits established under this section may be adjusted upward for a provider under the circumstances specified in paragraphs (f)(1) through (8)....

\* \* \* \* \* \*

(7) *Newly established home health agency.* The agency can demonstrate that:

(i) It has operated as the type of provider for which it was certified for Medicare under present and previous ownership for less than 3 full years....;

(ii) Its variable operating costs were reasonable in relation to its utilization during the year; and

(iii) Its fixed operating costs are reasonable in relation to realistic projection of utilization to be achieved at the end of the provider's second year of operation.

42 C.F.R. § 405.460(f) (1979). Subparagraph (f)(7)(i) was amended in 1984 to state:

(i) It has provided under present and previous ownership for a period of less than three full years home health care services equivalent to those that would have been covered if the agency had a Medicare provider agreement....

42 C.F.R. § 406.460(f)(7) (1984). The Secretary maintains that this amendment clarified the 1979 version's meaning; thus, the equivalency test that the 1984 regulation embodies should apply to this case. Def. Mem. at 19–22.

This dispute stems from the intermediary's decisions to deny plaintiff reimbursement adjustments in 1979, 1980, and 1981, on the ground that plaintiff was not "newly established." On reconsideration, the department's Division of Health Care Cost Containment found that plaintiff became a newly established home health agency as of October 1, 1977, thus qualifying for an exception in 1979 only. A.R. 662.

That decision was not implemented, since plaintiff already had appealed to the Provider Reimbursement Review Board. The board ultimately held that the 1979 version of the regulation applied, and that under it,

plaintiff qualified for an exception for all three years. A.R. 47–54. Even if the equivalency test in the 1984 version applied, the board held, the record contained "uncontroverted evidence" that plaintiff's pre-license services were not equivalent to those provided by late 1979, so that plaintiff was not a "home health agency" until July 31, 1979, when it received its state license. A.R. 53.

The deputy administrator of the department's Health Care Financing Administration, acting as the Secretary's agent, reversed the board's decision on his own motion. A.R. 3–13. Adhering to the equivalency test, he stated, "The underlying question here is whether the services ... are so different as to be significantly nonequivalent." A.R. 10. The private duty nursing services suggested equivalence, he concluded. Moreover, he ruled that the intermediary had submitted controverting evidence, in the form of plaintiff's representations that it was an established home health agency. Thus, the administrator found in favor of the intermediary.

Plaintiff sought judicial review in this court pursuant to 42 U.S.C. § 1395*oo*(f)(1) (1982). According to that statute, our standard of review is that set out in the Administrative Procedure Act, 5 U.S.C. § 706 (1982): we may set aside the Secretary's decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," or "unsupported by substantial evidence ... on the record...."

 Where the meaning of a regulation is in doubt, courts generally defer to the administrative agency's interpretation " 'unless it is plainly erroneous or inconsistent with the regulation.' " *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)). *See also Bellwood General Hospital v. Schweiker,* 673 F.2d 1043 (9th Cir. 1982) (per curiam) (applying same test to assess agency's claim that new regulation merely clarified earlier version). Some courts occasionally depart from this tradi-

tional deference, however, when certain aspects of the Medicare statute, including those relating to reimbursement, are at issue. *See, e.g., St. James Hospital v. Heckler,* 760 F.2d 1460, 1470 (7th Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 228 (1985); *Mt. Carmel Mercy Hospital v. Heckler,* 581 F.Supp. 1311, 1313–14 (E.D.Mich.1983), *aff'd sub nom. Cumberland Medical Center v. Secretary of Health and Human Services,* 781 F.2d 536 (6th Cir.1986). *But cf., e.g., Health Care Service Corp. v. Califano,* 601 F.2d 934, 935 (7th Cir.1979) (per curiam). Were the language of the 1979 version of the regulation unambiguous, moreover, we should apply its plain meaning, even if the Secretary posited a contrary interpretation. *See St. Francis Hospital Center v. Heckler,* 714 F.2d 872, 873 (7th Cir.1983) (per curiam), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984); *KCMC, Inc. v. Federal Communications Commission,* 600 F.2d 546, 549 (5th Cir.1979).

■ But the 1979 version's definition of a newly established home health agency is not clear. What constitutes the "type of provider for which it was certified for Medicare" is not evident. Plaintiff reasonably contends that it is contingent on state licensing. The Secretary, however, also offers a reasonable interpretation—fortified by the 1984 version—that this means a provider of equivalent services. Thus, even if we would have construed the phrase differently, we must defer to the Secretary on this point. *See Sun Towers, Inc. v. Heckler,* 725 F.2d 315, 336 (5th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984).

■ Next we must consider whether there is substantial evidence to support the Secretary's decision that plaintiff provided equivalent services more than three years before it was certified. *See, e.g., Psychiatric Institute of Washington, D.C., Inc. v. Schweiker,* 669 F.2d 812 (D.C.Cir.1981) (per curiam); *White Memorial Medical Center v. Schweiker,* 640 F.2d 1126, 1129 (9th Cir. 1981). By the substantial evidence standard, we may not draw contrary inferences regarding credibility, nor reweigh conflict-

ing or inconsistent evidence, if the Secretary's determinations "are supported by such relevant evidence, when considered in the context of the entire record, as a reasonable mind might accept as adequate to support a conclusion." *Moon v. Celebrezze,* 340 F.2d 926, 930 (7th Cir.1965); *accord Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

In this case, there is substantial evidence to support the Secretary's decision. Although we might infer otherwise from the facts presented, the Secretary was entitled to conclude that the services plaintiff offered before it received its state license were equivalent to those required by Medicare. Furthermore, plaintiff's own representations that it had been a home health agency long before it applied for a state license properly were considered as persuasive evidence of such status.

We sympathize with the plaintiff, which has received contradictory opinions on this issue from defendant's subordinate bodies and personnel. But those opinions do not lessen the weight we must accord to the Secretary's final decision. *See St. Francis Hospital Center,* 714 F.2d at 874; *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 64, 104 S.Ct. 2218, 2225–26, 81 L.Ed.2d 42 (1984). Therefore, because his decision is based on a reasonable interpretation of the regulation and is supported by substantial evidence on the record, the Secretary is granted summary judgment. Plaintiff's cross-motion for summary judgment is denied. Pretrial conference and trial dates are stricken.